Andrew S. Lewinter (OSB No. 080031)
Andrew Lewinter, Attorney, P.C
132 E.. Broadway, Suite 821
Eugene, OR  97401
andrew@lewinterlaw.com

Alan J. Leiman (OSB No. 980746)
Leiman Law, P.C.
PO Box 5383
Eugene, OR  97405
alan@leimanlaw.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **CODY DWAYNE BARKER,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>           v.<br><br>**CDR MAGUIRE INC.** a Delaware corporation,<br><br>Defendant. | **CASE NO**.:  6:21-cv-01720<br><br>**COLLECTIVE and CLASS ACTION ALLEGATION COMPLAINT**; OREGON WAGE AND HOUR LAWS<br>Fair Labor Standards Act 29 U.S.C. § 201 *et seq*.; Oregon Wage and Hour Laws (ORS Chapter 652)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CODY DWAYBE BARKER, on behalf of himself and all other similarly situated employees of Defendant, brings this Fair Labor Standards Act ("FLSA") collective action and Rule 23 class action Complaint for violations of the FLSA and Oregon's Wage and Hour laws against Defendant, CDR MAGUIRE, INC., (hereinafter, "CDR Maguire"). Plaintiff makes his allegations based upon personal knowledge, information, and belief.

///

///

1 - Collective and Class Action Complaint

## INTRODUCTION

1.     This is a collective and class action suit to recover unpaid overtime brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

2.     This action seeks compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendant's willful failure to pay wages when due, including the correct amount of overtime wages, and other relief pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Plaintiff and for all others similarly situated in the course of their employment with Defendant.

3.     Plaintiff and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

## JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.  Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

5.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

6.     Defendant CDR Maguire is Delaware corporation with headquarters in Miami, Florida. Defendant has an Emergency Management division that provides disaster recovery services.

7.  From on or around January 2021 to June 2021, Defendant employed Plaintiff and other similarly situated individuals in providing disaster recovery services following wildfires that tore through Oregon in 2020.

8.  CDR Maguire employed hourly non-exempt employees with general worksite safety oversight responsibilities, including, but not limited to, Safety Officers and Arborists, ("Safety Workers") on the Oregon Wildfire Recovery Projects (hereinafter "OWR Projects") in 2020 and 2021, which projects aimed to safely clear trees that were damaged in the 2020 Oregon wildfires.

9.  Plaintiff, Cody Dwyane Barker as employed by Defendant as a Safety Worker, assigned to work on OWR Projects in Lane, Linn, Marion, Jefferson, Lincoln, and Deschutes Counties, Oregon from on or around January 20th, 2021 to June 30th, 2021.

## FACTUAL ALLEGATIONS

10. CDR Maguire set an hourly rate of pay for each hour worked by Safety Workers on the OWR Projects.

11. It was CDR Maguire's practice to pay Safety Workers their hourly rate of pay for all hours worked regardless of how many hours were worked in a workweek. CDR Maguire did not pay Plaintiff and other similarly situated Safety Workers overtime at the rate of one and one-half times the regular hourly rate for all hours worked over 40 hours in a workweek as required by the FLSA, 29 U.S.C. § 207.

12. Plaintiff alleges that, from on or around February 1, 2021 to June 30, 2021, he was underpaid in each workweek in which he worked overtime and did not receive pay at one and one-half times his regular rate of pay for all hours worked over 40 in a workweek.

13. For example, according to Plaintiff's pay stub for the 14-day pay period from February 27, 2021 to March 12, 2021, Plaintiff worked a total of 155.50 hours. He was paid for all hours worked

at his regular rate of pay and was not paid any overtime premium pay for hours worked in excess of 40 hours in any of the workweeks covered during this pay period.

14. The time records detailing when the work was performed by Plaintiff are in the possession of the Defendant and will show how many hours Plaintiff and the similarly situated Safety Workers should have been paid at the overtime rate of pay.

15. Accordingly, CDR Maguire now owes Plaintiff unpaid overtime, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

16. Plaintiff brings his claim individually, and on behalf of all other similarly situated individuals who were employed by Defendant as Safety Workers on the OWR Projects and who worked over 40 hours in a workweek for Defendant and who were not paid time and one-half their regular rate of pay for all hours worked over 40 in workweeks when more than 40 hours were worked.

17. Defendant is subject to the FLSA, 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

18. Defendant has not paid Plaintiff and FLSA Class members the correct amount of overtime pay for weeks in which they worked in excess of 40 hours in violation of 29 U.S.C. § 207.

19. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant directly or indirectly acted in the interest of an employer toward the Plaintiff and all similarly situated individuals, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff and the similarly situated Safety Workers who were not paid overtime.

20. At all material times, CDR Maguire has been an enterprise within the meaning of 29 U.S.C. § 203(r).

21. At all material times, CDR Maguire has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual revenue of CDR Maguire was in excess of $500,000 per annum at all times material hereto. Alternatively, Plaintiff and the similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

22. At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

23. Plaintiff has retained the law firms of Andrew Lewinter, Attorney, P.C. and The Law Office of Alan J. Leiman, P.C. to represent him individually, and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations - 29 U.S.C § 207; Collective Action)**

24. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 23 above.

25. At all material times, Plaintiff performed duties for the benefit of, and on behalf of Defendant, under employment terms and conditions set by Defendant.

26. At all material times, Defendant was required to pay Plaintiff and the hereinafter-defined FLSA Class members in accordance with the overtime provisions of the FLSA.

27. At all material times, Defendant failed to pay Plaintiff and the hereinafter-defined FLSA Class members one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek in workweeks in which the employees worked more than 40 hours. Instead,

Defendant paid Plaintiff and the similarly situated individuals their regular rate of pay for all hours worked in a workweek without regard for how many hours they worked.

28.     Plaintiff brings this collective class action under § 216(b) of the FLSA and against Defendant for unpaid overtime compensation, and related penalties and damages on behalf of himself and the following persons:

> All individuals who worked as non-exempt hourly employees in safety-related job positions for CDR Maguire, Inc. on the Oregon Wildfire Recovery Projects in Oregon in 2020 and 2021 and who were not paid an overtime premium of one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek (the "FLSA Class").

29.     Plaintiff brings this FLSA claim for unpaid overtime and liquidated damages as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). The FLSA claims may be pursued by those FLSA Class members who opt-in to this case pursuant to 29 U.S.C. § 216(b).

30.     Plaintiff individually, and on behalf of FLSA Class members, seeks relief on a collective basis alleging the FLSA was violated when he and others were not paid the correct amount of overtime pay due to them under the FLSA. Plaintiff and FLSA Class members are similarly situated because the underpayment of overtime was caused by an unlawful pay practice that was common to Defendant's hourly non-exempt Safety Workers on the OWR Projects, which was to pay the regular rate for all hours worked, including those in excess of 40 per week.

31.     The number and identity of the other members of the putative FLSA Class may be readily determined from the records of Defendant, and potential opt-in FLSA Class members may be easily and quickly notified of the pendency of this action.

32.     Defendant has not paid Plaintiff and the putative FLSA Class members the correct amount of overtime pay for weeks in which Plaintiff and the FLSA Class members worked in excess of 40 hours in violation of 29 U.S.C. § 207.

33.     Plaintiff and the putative FLSA Class members have not been paid all of the overtime wages owed to them by Defendant.

34.     Plaintiff and the putative FLSA Class members are owed overtime pay earned during weeks in which the employees worked over 40 hours in a workweek at a rate equal to one-half of their regular hourly rate of pay for those overtime hours.

35.     Defendant's records show that Defendant failed to pay Plaintiff and the putative FLSA Class members the correct amount of overtime pay by failing to include the one-half time overtime premium when computing the amount of pay due to its employees who worked over 40 hours in a workweek.

36.     At all material times hereto, Defendant failed to comply with 29 U.S.C. §§ 201-209 in that Plaintiff and others performed services and labor for Defendant for which Defendant failed to pay the correct amount of overtime as required by the FLSA.

37.     Plaintiff brings this action on his own behalf, and on behalf of all similarly situated individuals seeking unpaid overtime compensation, liquidated damages, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

38.     Defendant violated §207 of the FLSA when it willfully failed to pay overtime to Plaintiff and FLSA Class members at one and one-half times their regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

39.     Defendant's failure to pay Plaintiff and FLSA Class members all overtime earned at one and one-half times their regular rate of pay resulted from Defendant's willful act of knowingly adopting a compensation policy that failed to include the one-half time overtime premium when computing the pay of employees who worked over 40 hours in a workweek. Plaintiff and the

FLSA Class members are entitled to liquidated damages for Defendant's willful failure to pay the correct amount of overtime.

40. By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff and FLSA Class members have suffered damages and have also incurred costs and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF/CLASS ACTION ALLEGATIONS
### (Failure to Pay Wages When Due –
### Violation of Oregon Wage and Hour Laws)

41. Plaintiff, on behalf of himself and the other similarly situated OWR Project Safety Workers who were employed by Defendant in Oregon, re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 23 above.

42. As alleged herein, Defendant willfully failed to pay Plaintiff and similarly situated current and former employees all wages when due, whether during employment or upon termination thereby violating ORS 652.120 and/or ORS 652.140 and giving rise to a penalty under ORS 652.150 for all Safety Workers who were employed by Defendant on the OWR Projects in Oregon.

43. Plaintiff and similarly situated current and former employees are owed wages that were earned but not paid when due, whether during employment or upon termination.

44. The wages earned but not paid were overtime wages resulting from Defendant's failure to include the one-half time overtime premium earned by Plaintiff and those similarly situated employees when they worked more than 40 hours in a workweek.

45. Records of hours worked and wages and other compensation paid to Plaintiff and others are in possession and control of Defendant.

46. Defendant's records show that Defendant failed to pay all wages earned when due to Plaintiff and similarly situated current and former employees.

8 - Collective and Class Action Complaint

47.     Plaintiff brings a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of himself and the following class of persons:

> All individuals who worked as non-exempt hourly employees in safety-related job positions for CDR Maguire, Inc. on the Oregon Wildfire Recovery Projects in Oregon in 2020 and 2021 and who were not paid an overtime premium of one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek (the "Oregon Wage Class").

48.     As a result of Defendant's willful failure to pay Plaintiff and the Oregon Wage Class all wages when due, Defendant is also liable to Plaintiff and the Oregon Wage Class for a penalty to be computed in accordance with ORS 652.150.

49.     By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff and the similarly situated current and former employees have suffered damages and have also incurred costs and reasonable attorneys' fees.

50.     All members of the Oregon Wage Class who do not opt out may pursue the Oregon state law claim if that claim is certified for class-wide treatment.

51.     Plaintiff's state law claim satisfies the Fed. R. Civ. P. 23(a) class action prerequisites of numerosity of members, commonality of questions of law and fact, typicality of class claims, and fair and adequate representation of class member interests.

52.     **Numerosity** (Fed. R. Civ. P 23(a)(1)): The Oregon Wage Class satisfies the numerosity standards.  The Oregon Wage Class is believed to be in excess of 45 people.  As a result, joinder of all Class members in a single action is impracticable.  The precise number of Oregon Wage Class members and their identities and contact information are unknown to Plaintiff but can be easily ascertained from Defendant's payroll records.  Oregon Wage Class members may be notified of the pendency of the action by first-class mail.

53.     **Commonality** (Fed. R. Civ. P 23(a)(2)): Questions of law and fact common to the Oregon Wage Class predominate over any questions affecting only individual members. All Oregon Wage Class members were subject to the same payroll practices that resulted in the failure to pay wages when due. All Oregon Wage Class members received paychecks for more than 40 hours per week, but did not receive all overtime compensation earned when the pay was received. Thus, all Oregon Wage Class Members have been paid incorrectly in the same manner, and all Oregon Wage Class members are owed additional compensation.

54.     Common questions of fact include but are not limited to: (a) whether Defendant's policy and practice of failing to pay the one-half time overtime premium when computing overtime compensation resulted in underpayment of wages and compensation; and (b) whether Defendant acted willfully in failing to pay the correct amount of overtime compensation when due.

55.     Common questions of law exist regarding: (a) whether Defendant paid overtime wages when due in accordance with Oregon Wage and Hour Law, ORS Chapters 652; (b) whether such actions were willful and (c) whether former employees are owed penalties under ORS 652.

56.     The common issues predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon state law claims.

57.     **Typicality** (Fed. R. Civ. P. 23(a)(3)):  Plaintiff's claim is typical of Oregon Wage Class members' claims because:

   a. Defendant employed Plaintiff in the same or similar positions as the Oregon Wage Class members;

   b. Plaintiff and the Oregon Wage Class members were subject to the same payroll policies and were affected in the same manner by those policies;

    c. Plaintiff, together with all of the Oregon Wage Class members, did not receive all wages when due;

    d. Plaintiff, together with all of the Oregon Wage Class members, is owed a penalty computed according to ORS 652.150;

    e. Plaintiff's claim is based on the same legal and remedial theories as those of the Oregon Wage Class and have similar factual circumstances; and

    f. Plaintiff has suffered the same or similar injury, as did members of the Oregon Wage Class.

58. **Adequacy of Plaintiff's Representation** (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the Oregon Wage Class because:

    a. There is no conflict between Plaintiff's claim and the claims of the Oregon Wage Class.

    b. Plaintiff has retained counsel who are skilled and experienced, who specialize in wage and hour cases, and who will vigorously prosecute the litigation;

    c. Plaintiff's claim is typical of the claims of the Oregon Wage Class members; and

    d. Plaintiff and his counsel will fairly and adequately protect the interests of the Oregon Wage Class members.

59. A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

    a. There is minimal interest of members of the Oregon Wage Class in individually controlling their prosecution of claims under Oregon Wage and Hour Laws;

    b. It is desirable to concentrate the litigation of these claims in this forum; and

    c. There are no unusual difficulties likely to be encountered in the management of this case as a class action.

60. The presentation of separate actions by individual Oregon Wage Class members creates the risk of inconsistent and varying adjudications, and may establish incompatible standards of

11 - Collective and Class Action Complaint

conduct for Defendant and/or substantially impair or impede the ability of Oregon Wage Class members to protect their interests.

61. In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of wrongful violations of Oregon Wage and Hour Laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Class, and the Oregon Wage Class, respectfully asks the Court to grant the following relief:

1. On the First Claim for Relief, award Plaintiff and the FLSA Class members their actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207;

2. On the Second Claim for Relief, award Plaintiff and the Oregon Wage Class their unpaid overtime wages and penalty wages calculated according to ORS 652.150, in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial;

3. Award Plaintiff and other similarly situated individuals their reasonable attorney fees and costs;

4. Award Plaintiff and other similarly situated individuals their pre-judgment and post-judgment interest; and

5. Award Plaintiff and other similarly situated individuals any and all such other legal and equitable relief as this Court deems just and proper.

DATED December 1, 2021

Respectfully submitted,

/s Andrew S. Lewinter
Andrew S. Lewinter
Email: andrew@lewinterlaw.com
Oregon State Bar No. 080031
132 E.. Broadway, Suite 821
Eugene, OR  97401
Telephone: (541) 686-4900
Of Attorneys for Plaintiff and the Class


   /s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  980746
PO Box 5383
Eugene, OR  97405
Telephone: (541) 345-2376
Of Attorneys for Plaintiff and the Class