IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CODY DWAYNE BARKER; TAMMY MONDELLO; CRAIG GEDDIS, individually and on behalf of all others similarly situated, | Civ. No. 6:21-cv-01720-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| CDR MAGUIRE, INC.; ELITE SERVICES OF LOUISIANA, LLC, | |
| Defendants. | |

AIKEN, District Judge.

This Fair Labor Standards Act ("FLSA") case comes before the Court on Plaintiffs' Motion for Conditional FLSA Certification and Court-Authorized Notice Against Defendant CDR Maguire, Inc. ECF No. 52. Plaintiffs' motion indicates that Defendant CDR Maguire, Inc. ("CDR") does not oppose this motion. Defendant Elite Services of Louisiana, LLC ("Elite Services") has not yet appeared in this case. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Named Plaintiffs Cody Dwayne Barker, Tammy Mondello, and Craig Geddis bring this action on behalf of themselves and other similarly situated employees of

Defendants CDR and Elite Services as a collective action under the FLSA and as a Rule 23 class action for violations of the FLSA and Oregon wage and hour laws. Plaintiffs seek to recover unpaid overtime, as well as compensatory and liquidated damages, attorney fees, taxable costs of court, pre- and post-judgement interest, and penalty wages. First Am. Compl. ("FAC") ¶¶ 1-3. ECF No. 45.

Between January 2021 and June 2021, CDR employed Barker and other similarly situated individuals as Health and Safety Officers and employed Mondello and other similarly situated individuals as Division Supervisors/Directors in providing disaster recovery services in several counties in Oregon following wildfires in 2020 (the "OWR Projects.") FAC ¶ 7. CDR also employed Arborists in the OWR Projects, including jointly employing Plaintiff Geddis and other similarly situated individuals with Defendant Elite Services. *Id*. at ¶¶ 7-10.[1]

Defendants classified Plaintiffs and other similarly situated individuals as exempt from overtime and did not pay them at the rate of and one-half times the regular rate for all hours worked over 40 hours in a workweek. FAC ¶ 18. The OWR Projects were of limited duration and Plaintiffs consistently worked more than 40 hours in a seven-day workweek. *Id*. at ¶ 19. "There was a scheduled start time at which Plaintiffs were expected to arrive at the first morning meeting but there was no set quitting time and Plaintiffs worked different hours in every workweek." *Id*. Plaintiffs and other similarly situated "were not paid a guaranteed minimum weekly

---

[1] Defendant Elite Services has not appeared in this case and the present motion is not directed against Elite Services. The Court will confine its discussion to the allegations and analysis relevant to Defendant CDR.

amount regardless of the number of hours, days, or shifts worked," and were instead "paid a set hourly rate for the number of hours they worked." *Id.* at ¶ 20.

Barker worked for CDR on the OWR Projects from January 20, 2021 to June 30, 2021 and regularly worked more than 40 hours in a seven day workweek. Barker Decl. ¶¶ 2-3. ECF No. 53. Barker has submitted paystubs showing that between January 27, 2021 and March 12, 2021, Barker worked 155.50 hours and that between March 13, 2021 and April 2, 2021, Barker worked 141 hours. Barker Decl. Exs. A, B. Barker was not paid overtime for these periods, despite working more than 40 hours in the seven-day workweeks. Barker Decl. ¶ 4.

Geddis worked as an arborist for Elite Services "under the control of CDR Maguire, Inc.," working on the OWR Projects between February 13, 2021 and April 9, 2021. Geddis Decl. ¶ 2. ECF No. 55. Geddis regularly worked more than 40 hours in a seven-day work week without being paid overtime. *Id.* at ¶ 3. Geddis has submitted a paystub showing that he worked 140.75 hours between February 27, 2021 and March 12, 2021 and that he was not paid overtime, despite exceeding 40 hours in the workweeks covered by that period. Geddis Decl. Ex. A.

Mondello worked for CDR on OWR Projects between February 13, 2021 and April 10, 2021 and regularly worked more than 40 hours in a workweek during that period but he was not paid overtime. Mondello Decl. ¶¶ 2-3. Mondello has submitted paystubs showing that she worked 153.5 hours between March 13, 2021 and March 26, 2021 and that she worked 168.5 hours between February 27, 2021 and March 12,

2021. Mondello Decl. Ex. A. Mondello was not paid overtime despite exceeding 40 hours in the workweeks covered by that period. Mondello Decl. ¶ 4.

Hakeem Allambie has filed a consent to join the proposed collective action and has submitted a declaration affirming that he worked as a Safety Officer for CDR on the OWR Projects from January 20, 2021 to June 30, 2021. Allambie Decl. ¶¶ 1-2. ECF No. 56. Allambie affirms that he regularly worked more than 40 hours in a workweek without receiving overtime pay. *Id.* ¶ 3. Allambie has submitted paystubs for the period of March 13, 2021 to March 26, 2021 showing that he worked 142 hours in that period and from March 27, 2021 and April 9, 2021 showing that he worked 146 hours in that pay period. Allambie Decl. Exs. A, B. Allambie was not paid overtime for the work done in those periods. Allambie Decl. ¶ 4.

Another possible member of the proposed class and collective, Jimmy Daniels, worked for CDR on the OWR Projects in the same period and regularly worked more than 40 hours per work week without being paid overtime. Daniels Decl. ¶¶ 1-3. ECF No. 57. Daniels has provided paystubs showing that he worked 142.5 hours between July 17, 2021 and July 30, 2021 and he worked 193 hours between June 5, 2021 and June 18, 2021. Daniels Decl. Exs. A, B. Daniels was not paid overtime for the work done in those periods, despite exceeding 40 hours in a workweek. Daniels Decl. ¶ 4.

## LEGAL STANDARDS

The district court has discretion to determine whether a collective action is appropriate. *Hunter v. Legacy Health*, Case No. 3:18-cv-02219-AC, 2021 WL 24553, at *4 (D. Or. Jan. 4, 2021). When deciding whether to conditionally certify a collective

action, the court uses a fairly lenient standard. *Id.* "All that is required for conditional certification is substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *McElmurry v. U.S. Bank Nat'l Ass'n*, No. CV 04-462-HU, 2006 WL 3908536, at *3 (D. Or. Dec. 8, 2006) (internal quotation marks and citation omitted).

Section 216(b) of the FLSA authorizes employees to maintain an action against an employer for violations of the Act on behalf of the employee when the employees: "(1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018). The FLSA does not define "similarly situated." *See* 29 U.S.C. §216(b); *Campbell*, 903 F.3d at 1100. However, the Ninth Circuit has held, "it is now the near-universal practice to evaluate the propriety of the collective mechanism—in particular, plaintiffs' satisfaction of the 'similarly situated' requirement—by way of a two-step 'certification process.'" *Id.* First, "plaintiffs will, at some point around the pleading stage, move for 'preliminary certification' of the collective action, contending that they have at least facially satisfied the 'similarly situated requirement.'" *Id.* Second, "after the necessary discovery is complete, defendants will move for 'decertification' of the collective action on the theory that the plaintiffs' status as 'similarly situated' was not borne out by the fully developed record." *Id.*

In the Ninth Circuit, "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact to the disposition

of their FLSA claims." *Campbell*, 903 F.3d at 1117. "Significantly, as long as the proposed collective's 'factual or legal similarities are material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 948 (9th Cir. 2019) (quoting *Campbell*, 903 F.3d at 1114). "This court considers the term 'similarly situated' in light of the purposes and goals of a collective action." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) (internal citations omitted).

The claims and positions of the employees need not be identical. *Ballaris v. Wacker Silttronic Corp.*, No. 00-1627-KI, 2001 WL 1335809, at *2 (D. Or. Aug. 24, 2001). A plaintiff can satisfy the "similarly situated burden" with a modest factual showing that plaintiff and potential plaintiffs were victims of a common policy or plan that violated the law. *Id.* (internal citations omitted). "In other words, a plaintiff need demonstrate only a reasonable basis for a claim the employer acted on a class-wide basis." *Hunter*, 2021 WL 24553, at *5.

A plaintiff who seeks collective action certification also must show other similarly situated employees wish to opt in to the action. "This 'opt-in' aspect of § 216(b) means a potential plaintiff does not become a member of the class unless he or she gives written consent and the consent is filed with the court." *Hunter*, 2021 WL 24553, at *5. "Thus similarly situated employees become members of the class only by affirmatively choosing to join the class, and once they are bound by the ultimate judgment in the case." *Id.* "Ultimately, before certifying a collective action, the court must be satisfied there are potential members who desire to opt into the collective

action." *Id.* A court may, upon a sufficient basis, "infer that other potential plaintiffs would wish to opt into the proposed class." *Id.* (internal quotation marks and citations omitted).

After a district court grants preliminary certification, putative collective action members are given notice and advised they must decide whether to opt in to the litigation:

> Assuming the collective action has survived its earlier scrutiny, the second stage will come at or after the close of relevant discovery. They employer can move for decertification of the collective action for failure to satisfy the similarly situated requirement in light of the evidence produced to that point. The district court will then take a more exacting look at the plaintiffs' allegations and the record.

*Campbell*, 903 F.3d at 1109 (internal citations and quotation marks omitted).

## DISCUSSION

The named Plaintiffs seek to certify the following FLSA class in this action as to CDR:

> All individuals who worked in field positions for CDR Maguire on the Oregon Wildfire Recovery Projects in Oregon since 2020 and who were classified as exempt from overtime but who were paid on an hours worked basis (the "FLSA Class").
>
> The proposed class includes the following subclasses:
>
> d) Health and Safety Officers employed by CRD Maguire on the OWR Projects;
>
> e) Arborists employed by one or both Defendants on the OWR Projects;
>
> f) Division Supervisors/Directors employed by one of both Defendants on the OWR Projects (collectively, the "FLSA Class").

Pl. Mo. 9. ECF No. 52.

Although Elite Services was served with the FAC on April 25, 2022, ECF No. 50, Elite Services has not appeared in this action. Plaintiffs request that the Court "conditionally certify the FLSA class with the Court's Order to be effective against Defendant CDR Maguire, Inc. at this time." Pl. Mot. 4.

As discussed above, courts in this District generally apply a more lenient standard at the "notice stage" of an FLSA collective action case. Given the procedural posture of this case and the fact that the lion's share of discovery remains to be done, the Court concludes that the lenient "notice stage" standard is appropriate for this motion.

A plaintiff can satisfy the "similarly situated burden" with a modest factual showing that plaintiff and potential plaintiffs were victims of a common policy or plan that violated the law. *Id.* (internal citations omitted). *Ballaris*, 2001 WL 1335809, at *2. "In other words, a plaintiff need demonstrate only a reasonable basis for a claim the employer acted on a class-wide basis." *Hunter*, 2021 WL 24553, at *5.

The FLSA requires that non-exempt employees receive compensation at "one and one-half times" their regular rate of pay for hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1). Plaintiffs in this case allege that they are hourly non-exempt employees of Defendants and allege that Defendants violated this provision when they failed to pay overtime rates for work done in excess of forty hours in a workweek. Plaintiffs allege that this failure was willful and that it applies to Plaintiffs and to other similarly situated employees. These allegations are supported by the Declarations of Plaintiffs Barker, Mondello, and Geddis, and the Exhibits

submitted in support of this motion, as well as the Declarations of putative collective members Jimmy Daniels and Hakeem Allambie. The Declarations and the supporting Exhibits show that the declarants were employees of Defendants at the relevant time and that they worked substantially more than forty hours per workweek without receiving overtime pay. The Daniels and Allambie Declarations also support the contention that there are other similarly situated employees who might join the collective action. The Court concludes that these submissions satisfy the standard for conditional certification and Plaintiffs' motion will therefore be granted.

The Court has reviewed the proposed Notice and Consent to Join forms attached as exhibits to Plaintiffs' Motion. The Court concludes that the proposed Notice and Consent to Join forms are clear and neutral and provide the best practicable notice to potential members of the class. Plaintiffs seek to distribute the Notice and Consent to Join forms by mail, by email, by posting in the workplace, and by publication to a website. "First class mail is ordinarily sufficient to notify class members who have been identified," but courts have sometimes approved other methods "such as publication, broadcast announcements, or posting to [ensure] that potential class members receive sufficient notice." *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492-93 (E.D. Cal. 2006). Considering the interstate nature of Defendants' work, the Court concludes that Plaintiffs' request is reasonable and the Court will approve distribution of the Notice and Consent to Join forms by mail, email, workplace posting, and publication to a website.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion for Conditional FLSA Class Certification and Court Authorized Notice, ECF No. 52. Consistent with Plaintiffs' Motion, this conditional certification is effective against Defendant CDR Maguire, Inc. but not as to non-appearing Defendant Elite Services of Louisiana, LLC.

1. **Conditional Certification:** The Court conditionally certifies this action as a representative collective action, pursuant to 29 U.S.C. §216(b), as to Defendant CDR Maguire, Inc.

2. **Distribution and Posting of Notice:** The Court authorizes Plaintiffs, or a third-party class administrator if one is engaged, to distribute by regular mail and/or electronic mail, notice of this action to prospective collective action members, defined as:

All individuals who worked in field positions for CDR Maguire and/or Elite Services on the Oregon Wildfire Recovery Projects in Oregon since 2020 and who were classified as exempt from overtime but who were paid on an hours-worked basis (the "FLSA Class").

The proposed class includes the following subclasses:

a) Health and Safety Officer employed by CDR Maguire on the OWR Projects;

b) Arborists employed by one or both Defendants on the OWR Projects;

c) Division Supervisors/Directors employed by one or both Defendants on the OWR Projects (collectively the "FLSA Class").

The Court authorizes Plaintiffs to send reminders to all notice recipients 30 days prior to expiration of the deadline for joining this action.

The Court orders Defendant CDR to post the Court-approved Notice in a conspicuous location in all employee break rooms at ongoing projects in Oregon. The Notice is to remain posted for the entire duration of the notice period. The Court allows Plaintiffs, or their third-party claims administrator, to create and maintain a website for purposes of providing information pertaining to the Notice and permitting Notice recipients to complete and submit Consent to Join forms online. If a website is created, Plaintiffs will submit the contents to Defendant CDR, and if Defendant CDR has objections that cannot be resolved, the content will be submitted to the Court for review and approval.

3. **Appointment of Plaintiffs as Class Representatives:** The Court conditionally appoints Plaintiffs Cody Dwayne Barker, Tammy Mondello, and Craig Geddis as class representatives.

4. **Appointment of Andrew Lewinter, Attorney, P.C. and the Law Office Alan J. Leiman, P.C. as Class Counsel:** The Court appoints Andrew Lewinter and Alan J. Leiman as class counsel and authorizes them to engage a third-party claims administrator to administer the notice process.

5. **Form of Notice:** The Court approves the proposed Notice of this action, which was submitted as Exhibit A to Plaintiffs' Motion, and the "Consent to Join" form, attached as Exhibit B to Plaintiffs' Motion.

6. **Contact Information:** The Court orders that Defendant CDR produce to Plaintiffs' counsel the last known names, addresses, email addresses, and telephone numbers of all prospective collective action members as defined above; and that such information be provided in Microsoft Excel format within ten (10) days of the date of this Order for purposes of sending notice;

7. **Time Period:** The Court orders that all prospective collective action members, as defined above, shall have until ninety (90) days after the sending of notice to submit a completed "Consent to Join" form to Plaintiffs' counsel.

It is so ORDERED and DATED this ___2nd___ day of June 2022.

                                              /s/Ann Aiken
                                              ANN AIKEN
                                              United States District Judge