Andrew S. Lewinter (OSB No. 080031)
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Ste 821
Eugene, OR 97401
andrew@lewinterlaw.com

Alan J. Leiman (OSB No. 980746)
Law Office of Alan J. Leiman, P.C.
PO Box 5383
Eugene, OR 97405
alan@leimanlaw.com

Edward Choi (OSB No. 135673)
BULLARD LAW
200 SW Market St Ste 1950
Portland, OR 97201
echoi@bullardlaw.com

Anne D. Foster (OSB No. 993152)
Smith Foster King LLP
3412 NW Franklin Ct
Portland, OR 97210
afoster@sfklegal.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **CODY DWAYNE BARKER, TAMMY MONDELLO, and CRAIG GEDDIS,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**CDR MAGUIRE, INC.,** a. Delaware corporation, and **ELITE SERVICES OF LOUISIANA, LLC,** a Louisiana limited liability company,<br><br>Defendants. | CASE NO.: 6:21-cv-01720-AA<br><br>**Joint Motion and Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement** |

## CERTIFICATION OF CONFERRAL

Pursuant to L.R. 7-1(a), the parties have conferred and this Motion for Preliminary Approval of class Action Settlement is filed jointly on behalf of Plaintiffs and Defendants pursuant to the Settlement Agreement filed concurrently herewith.

## MOTION

Plaintiffs and Defendants jointly move this Court for an Order:

a) Scheduling a Fairness Hearing on the question of whether the proposed Settlement should be approved as fair, reasonable and adequate to the Settlement Class ("Settlement");

b) Approving as to form and content the proposed Notice to the Settlement Class, attached hereto as Exhibit 1;

c) Approving as to form and content the proposed Overtime Claim Form, attached hereto as Exhibit 2;

d) Approving as to form and content the proposed Travel Time Claim Form, attached hereto as Exhibit 3;

e) Approving as to form and content the proposed Settlement Agreement, attached hereto as Exhibit 4;

f) Directing the mailing of the Settlement Class Notice and Claim Forms by First Class Mail and email to Settlement Class Members;

g) Approving Andrew Lewinter, and Alan J. Leiman as Settlement Class Counsel; approving Cody Dwayne Barker, Tammy Mondello, and Craig Geddis as Class Representatives; and approving JND Legal Administration as the Claims Administrator; and

h) Vacating all pre-trial deadlines.

This Motion is supported by the Memorandum of Law and the Exhibits filed herewith.

DATED: February 10, 2023                 Respectfully submitted,

/s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 98074
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Of Attorneys for Plaintiffs


/s Andrew S. Lewinter
Andrew S. Lewinter
E-mail: andrew@lewinterlaw.com
Oregon State Bar No.: 080031
132 E. Broadway, Ste 821
Eugene, OR 97401
Telephone: (541) 686-4900
Of Attorneys for Plaintiffs

/s Edward Choi
Edward Choi
Email: echoi@bullardlaw.com
Oregon State Bar No. 135673
Bullard Law
200 SW Market St, Ste 1950
Portland, OR 97201
Telephone: (503) 248-1134
Of Attorneys for Defendant CDR Maguire, Inc.

/s Anne D. Foster
Anne D. Foster
Email: afoster@sfklegal.com
Oregon State Bar No. 993152
Smith Foster King LLP
3412 NW Franklin Ct
Portland, OR 97210
Telephone: (503) 567-7006
Of Attorneys for Defendant Elite Services of
Louisiana, LLC

Andrew S. Lewinter (OSB No. 080031)
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Ste 821
Eugene, OR 97401
andrew@lewinterlaw.com

Alan J. Leiman (OSB No. 980746)
Law Office of Alan J. Leiman, P.C.
PO Box 5383
Eugene, OR 97405
alan@leimanlaw.com

Edward Choi (OSB No. 135673)
BULLARD LAW
200 SW Market St Ste 1950
Portland, OR 97201
echoi@bullardlaw.com

Anne Foster (OSB No. 993152)
Smith Foster King LLP
3412 NW Franklin Ct
Portland, OR 97210
afoster@sfklegal.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **CODY DWAYNE BARKER, TAMMY MONDELLO, and CRAIG GEDDIS,** individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> **CDR MAGUIRE, INC.,** a. Delaware corporation, and **ELITE SERVICES OF LOUISIANA, LLC,** a Louisiana limited liability company, <br><br> Defendants. | CASE NO.: 6:21-cv-01720-AA <br><br> **Memorandum in Support of Joint Motion for Preliminary Approval of Agreement Settling Class Action** |

JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## I. Introduction

Following several months of discovery and negotiations among the parties, Plaintiffs and Defendants have reached a proposed settlement (the "Settlement"), filed concurrently with this Joint Motion for Preliminary Approval of Agreement Settling Alleged Class Action (Ex. 4).

Pursuant to this Motion and the Settlement, the Parties respectfully request that the Court enter an Order (i) preliminarily approving the Settlement; (ii) scheduling a Fairness Hearing on the question of whether the Settlement should be approved; (iii) approving as to form and content the proposed Notice to the Settlement Class; (iv) approving as to form and content the proposed Overtime and Travel Time Claim Forms; (v) approving Andrew Lewinter and Alan J. Leiman as Settlement Class Counsel, the named Plaintiffs as Settlement Class Representatives, and JND Legal Administration as the Claims Administrator; and (vi) vacating all pretrial deadlines.

As set forth herein, preliminary approval of the Settlement is appropriate for the following reasons:

• the Settlement is fair, adequate and reasonable and satisfies the requirements for a fair settlement set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds* by *Dukes v. Wal-mart, Inc.*, 564 U.S. 338 (2011).;

• the proposed Notice to the Settlement Class is adequate and satisfies due process; and

• Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class.

Accordingly, the Parties request that the Court enter an Order preliminary approving the Settlement and vacating all current pre-trial deadlines.

## II. Procedural History and Settlement Terms

### B. The Pleadings

This is a class action suit brought to recover unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and under Oregon Wage and Hour Laws, ORS Chapter 652. Defendant CDR Maguire, Inc. ("CDR Maguire") provided disaster recovery services in several Oregon counties following wildfires that caused significant damage in 2020 (hereinafter, the "Oregon Wildfire Recovery Projects", or "OWR Projects"). CDR Maguire employed Arborists, Health and Safety Officers, Division Supervisors, and others on the OWR Projects. Defendant Elite Services of Louisiana, LLC employed Arborists who worked under the supervision of CDR Maguire on the ODR Projects.

The Amended Complaint (Dkt. 45) alleges that Defendants improperly classified Plaintiffs and the putative class members as exempt from overtime, and failed to pay them the one-half time overtime wage premium for all hours worked in excess of 40 hours in a seven-day workweek. Plaintiffs also alleged that certain of the putative class members who resided at employer furnished transient lodgings and commuted to and from daily meeting sites are owed wages under Oregon law for their travel time. Plaintiffs allege that putative Settlement Class Members are owed the amount of their actual unpaid overtime, and an ORS 652.150 wage penalty. Putative Settlement Class Members who opted-in to the FLSA are also alleged to be entitled to liquidated damages equal to their actual damages. Plaintiffs allege that Settlement Class Members eligible to recover under the travel time claim are owed wages for their travel time, and a separate ORS 652.150 wage penalty.

Plaintiffs, former employees of Defendants, brought this action on behalf of themselves and other similarly situated current and former employees seeking to recover unpaid overtime

wages, liquidated damages, penalties, costs, and attorney fees resulting from the alleged underpayment of overtime by Defendants.

### C. Discovery by the Parties

After the case was filed the Parties engaged in several months of discovery during which CDR Maguire produced time and pay data, along with discovery relevant to the alleged misclassification of Plaintiffs, and to the alleged travel time claims of the putative Settlement Class. During discovery and the settlement negotiations that began after sufficient information had been exchanged, the Parties addressed the misclassification issue (potential liability), and addressed the number of current and former employees impacted (scope of Settlement Class). Plaintiffs reviewed and analyzed time and payroll records provided by Defendants. The payroll records, together with the weekly record of hours worked, formed the basis by which the proposed settlement was formulated. Plaintiffs also conducted and sought and obtained discovery from Defendant CDR Maguire relating to the Travel Time Claim.

### D. Defendants' Records

Based on the records produced by Defendant CDR Maguire, there are fifty-two (52) current or former CDR Maguire employees who are members of the putative Settlement Class, including two of the named Plaintiffs. Based on the records produced by Defendant Elite Services of Louisiana, LLC, there are five (5) current or former Elite Services employees who are members of the putative Settlement Class, including one of the named Plaintiffs.

The total size of the putative Settlement Class is fifty-seven (57) individuals. Of that total, forty-two (42) individuals returned FLSA Consent to Join forms. The remaining fifteen (15) individuals are eligible to participate in the overtime settlement by returning a Claim Form. Twelve (12) of the fifty-seven (57) members of the putative Settlement Class have been

determined to be eligible to claim a partial ORS 652.150 wage penalty to settle the Travel Time claim.

### E. Settlement Agreement

As set forth in the Settlement, the Parties have agreed to settle this action in recognition of the risks, uncertainties and expense of continued litigation. Plaintiffs and their counsel, after evaluation of the disputed and factual and legal issues, and weighing the risks, uncertainties and expense of continued litigation against the benefits of a negotiated compromise have concluded that a settlement of this Action on the terms and conditions set forth in the Settlement is fair, adequate, and reasonable, and in the best interests of Plaintiffs and the Settlement Class Members. The proposed Settlement provides a fair, efficient, cost-effective, and assured procedure for providing a monetary award to Plaintiffs and the members of the Settlement Class.

Defendants and their counsel, taking into account the risks, uncertainties, disruptions and expense involved in the Action, and having a desire to put this controversy to rest, have concluded that a settlement of the Action on the terms and conditions set forth in the Settlement is in the best interest of Defendants because it will end and encompass all pending, threatened, or possible litigation and/or claims by Plaintiffs or the settlement class against Defendants that involve or allege claims that have been asserted in the Amended Complaint, except for any putative Settlement Class Member who timely opts-out of the Settlement.

The essential terms of the settlement follow:

1. **CDR Maguire Settlement Consideration**. Defendant CDR Maguire, Inc. has agreed to pay a gross Settlement amount (the "CDR Settlement Amount") of one million seven hundred forty-nine thousand eight hundred and forty dollars ($1,749,840) to be used to pay: (i) settlement payments to the Settlement Class

Members; (ii) Plaintiffs' attorneys' fees of 33.34% , equal to five hundred eighty-three thousand three hundred and ninety-six dollars ($583,396); (iii) a Service Payment to the two CDR Maguire named Plaintiffs for their efforts and participation in the litigation of $4,000 each  (iv) claims administration costs for processing of the FLSA and Settlement notices, claim forms, and settlement payments estimated not to exceed $36,492; (v) any other amount necessary to perform the Settlement as approved by the Court. The Settlement provides that unclaimed settlement funds will be redistributed among the participants.  There is no reversion to Defendant.

2. **Elite Services Settlement Consideration**.  Defendant elite Services has agreed to pay a gross Settlement amount (the "CDR Settlement Amount") of one hundred eleven thousand two hundred and seventy-five dollars ($111,275) to be used to pay: (i) settlement payments to the Settlement Class Members; (ii) Plaintiffs' attorneys' fees of 33.34%, equal to thirty-seven thousand one hundred dollars $37,100; (iii) a Service Payment to the Elite Services named Plaintiff for his efforts and participation in the litigation of $4,000; (iv) claims administration costs for processing of the FLSA and Settlement Notices, claim forms, and settlement payments not to exceed $3,508; (v) any other amount necessary to perform the Settlement as approved by the Court. The Settlement provides that unclaimed settlement funds will be redistributed among the participants.  There is no reversion to Defendant.

3. **Allocation of Settlement Payments to Settlement Class Members**. The parties are asking the Court to approve a settlement that provides for: (i) payments for

actual overtime wages, and a proportionate share of liquidated damages and an ORS 652.150 wage penalty to Settlement Class Members who returned FLSA Consent to Join forms; (ii) payments for actual overtime wages and a proportionate share of an ORS 652.150 wage penalty to putative class members who have not filed FLSA Consent to Join forms, and who return a timely Overtime Claim Form; (iii) payments to certain eligible putative class members who return timely Travel Time Claim Forms for a partial ORS 652.150 penalty, and; (iv) payments of seven hundred fifty dollars ($750) to Settlement Class Members who did not previously file FLSA Consent to Join Forms and who do not return an Overtime Claim Form or a Travel Time Claim Form.

4. **Release of Claims**. Pursuant to the Settlement, upon the Court's final approval, the Plaintiffs and the Settlement Class Members release Defendant from liability on the terms set forth in Section 6.1 of the attached Settlement Agreement (Ex. 4).

5. **Notice to Settlement Class Members.** Within seven (7) calendar days following the Court's Order granting preliminary approval of the Settlement, the parties will forward to the independent third-party claims administrator (the "Claims Administrator") the names, addresses, last known telephone numbers (if available) and social security numbers of the Settlement Class Members, including the named Plaintiffs, together with instructions concerning the dissemination of Claim Forms. Thereafter, within twenty-one (21) calendar days, the Claims Administrator will send an email Notice of Settlement to the Settlement Class Members if an email address is available, and also mail, via regular first-class U.S. mail, Notice of the Settlement to the Settlement Class Members at their last known addresses, using

the addresses provided by the parties and obtained from FLSA Consent to Join filers. Settlement Class Members will receive Claim Forms as appropriate. There will be one Claim Form for overtime and an ORS 652.150 penalty for non-FLSA putative Settlement Class Members, and one Claim Form for putative class members eligible to claim the travel time partial ORS 652.150 penalty. Claim Forms can be returned via email or by mail. The mailing will include a pre-addressed postage paid envelope for return of the Claim Form(s) to the Claims Administrator. The proposed Settlement Class Notice and Claim Forms are filed herewith as Exhibits 1 and 2, and 3 respectively.

6. **Objection Procedures**. Within thirty (30) days following the date on which the Claims Administrator mails the Notices to the Settlement Class, members who wish to do so may file and serve written objections to the Settlement and notice of intention to appear to object at the final settlement hearing.

III. **Claims Administration and Payment of Claims**. The fifteen (15) Settlement Class Members who did not file an FLSA Consent to Join and who wish to participate in the overtime settlement must return a completed Overtime Claim Form within thirty (30) days of the date of mailing of the Settlement Notice to the Settlement Class Members. Any of the twelve (12) eligible Settlement Class Members who wish to claim a partial ORS 652.150 penalty for travel time must return a completed Travel Time Claim Form within thirty (30) days of the date of mailing of the Settlement Notice to the Settlement Class Members. Settlement Class Members who filed FLSA Consents to Join do not need to file a Claim Form to receive their overtime damages, but individuals eligible to claim a portion of the travel time settlement must file a Travel Time Claim Form.

Settlement Class Members who do not exclude themselves from the Settlement and who do not file an Overtime Claim Form or Travel Time Claim Form (if required) will receive a seven hundred and fifty dollar ($750) payment.

## IV. The Settlement is Fair, Adequate, and Reasonable

A strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Fed. R. Civ. P. 23(e) gives courts an active role in approving class action settlements. Fed. R. Civ. P. 23(e). Courts evaluate proposed settlements to determine if they are "fundamentally fair, adequate and reasonable." *Id*.

The Ninth Circuit has identified eight factors to consider in evaluating a settlement's fairness, adequacy and reasonableness:

(1) The strength of the plaintiff's case;

(2) The risk, expense, complexity and likely duration of further litigation;

(3) The risk of maintaining class action status throughout the trial;

(4) The amount offered in settlement;

(5) The extent of discovery completed, and the stage of the proceedings;

(6) The experience and views of counsel;

(7) The presence of a governmental participant; and

(8) The reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026.

Three of the factors listed above are not applicable in this case. The third factor is not applicable because the Court has not yet certified a Rule 23 class. The seventh factor is not applicable because there is no governmental participant. The eighth factor is simply unknown at

this point because the parties have not yet informed the putative class members about this proposed settlement. The remaining five factors are discussed below.

### A. The Plaintiffs Have Made Solid Arguments

The FLSA provides limited exceptions to the overtime requirements of 29 U.S.C. § 207. The Oregon Wildfire Recovery projects were of limited duration and Plaintiffs and members of the putative Settlement Class consistently worked more than 40 hours in seven-day workweeks. Defendants allege that the Health and Safety Officers, Arborists, and Division Supervisors/Directors were exempt employees. Discovery focused on the question of the putative class' exempt status and the applicability of 29 C.F.R. §541.604(b) (relating to a "guaranteed minimum" pay scheme). Analysis of the evidence, and a robust back-and-forth between Plaintiffs and Defendants yielded the proposed settlement.

### B. Further Litigation will Probably be Costly, Long, and Risky for Everyone

The case as pleaded contains an FLSA collective action claim and two Rule 23 class action claims for the members of the putative Settlement Class. Continued litigation would necessitate Plaintiffs moving for certification of the Rule 23 classes, and likely Defendants moving to de-certify the FLSA collective class. These motions would be hard fought and time consuming.

Preparing and taking this case to trial will be costly to both parties. With fifty-seven (57) putative class members, trial presentation will require the extensive use of electronically stored data, proposed class representative and witness testimony, and the use of experts to make inferences and draw conclusions from the data. Significant time and effort will be spent preparing a trial plan that satisfies the Court and makes for an efficient presentation of the FLSA and Rule 23 class claims, assuming certification is granted.

### B. The Amount Offered in Settlement is Fair

The settlement amount that the parties have agreed to is fair. The Settlement provides that every putative Settlement Class member has the opportunity to recover their actual unpaid overtime damages and at least part of an ORS 652.150 penalty. The forty-two (42) putative Settlement Class Members who filed FLSA Consents to Join will receive settlement payments based on their actual overtime damages, and a proportionate share of their liquidated damages and ORS 652.150 penalty. The fifteen (15) putative Settlement Class Members who did not file FLSA Consents to join may claim their actual overtime damages, and a proportionate share of an ORS 652.150 penalty by returning an Overtime Claim Form. Twelve (12) of the putative Settlement Class members are eligible to claim a partial ORS 652.150 penalty by returning the Travel Time Claim Form.

The settlement provides that in exchange for the elimination of the risk of loss, and the potential passage of significant time before the case would be resolved, Plaintiffs and the putative class members agree to bear the costs of attorney fees (33.34% specified in fee agreements), litigation costs, cost of settlement administration, and named Plaintiffs service payments from the gross recovery. The balance of the funds would then be proportionately distributed to the Settlement Class Members based on whether they were FLSA participants and/or had returned Claim Forms.

The proposed Settlement will compensate Settlement Class Members by paying them, in most cases, no less than the overtime wages they would be owed where existing records show they are owed overtime, payment of some additional consideration for alleged ORS 652.150 penalty wages, and, in some cases, FLSA liquidated damages. Eligible Settlement Class Members who return a Travel Time Claim Form can receive an additional partial ORS 652.150 penalty.

Settlement Class Members who were not FLSA participants and who do not file an Overtime Claim Form or Travel Time Claim Form will receive a payment of seven hundred and fifty dollars ($750) as consideration for their release of non-FLSA wage related claims.

### C. The Parties have Engaged in Sufficient Discovery

This action was filed on December 1, 2021. The parties engaged in discovery for several months before settlement discussions began. There has been a steady exchange of information between the parties including disclosure of time and pay data relating to liability and the scope of the putative Settlement class.

### D. Counsels' Experienced View: This Settlement is Fundamentally Fair, Adequate, and Reasonable

In this case, counsel for the parties are seasoned litigators with broad experience in employment litigation. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.* 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation."). After several months of self-guided settlement efforts, the parties were able to reach an agreement that the attorneys for all parties believe is fundamentally fair, adequate, and reasonable. It is one that this Court should approve.

## IV. Settlement Class Notice is Adequate and Satisfies Due Process

Fed. R. Civ. P. 23(c)(2)(B) requires that for any class certified under Rule 23(b)(3), the "court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." Such class notice "must concisely and clearly state in plain, easily understood language"; (i) "the nature of the action"; (ii) "the definition of the class certified"; (iii) "the class claims, issues, or defenses";

(iv) "that a class member may enter an appearance through counsel if the member so desires"; (v) "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded"; and (vi) "the binding effect of a class judgment on class members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

Here, in a settlement situation, proper notice of an agreement settling of an alleged class action should also (i) describe the essential terms of the proposed settlement; (ii) disclose any special benefits provided to the class representative; (iii) provide information regarding attorneys' fees; (iv) indicate the time and place of the hearing for settlement approval and the method for opting-out or objecting to the settlement; (v) explain the procedures for allocating and distributing settlement funds; and (vi) prominently display the address and phone number of class counsel and the procedure for making inquiries. *See* Manual for Complex Litigation § 30.212 (3d ed.). The proposed Settlement Notice to the Settlement Class attached to this Motion as Exhibit 1 meets each of these requirements. The proposed Notice is clear, concise and satisfies due process requirements.

## V. Proposed Settlement Class Counsel Will Fairly and Adequately Represent the Interests of the Settlement Class

In appointing class counsel in a certification situation, the Court is required under Rule 23(g) to consider (i) "the work counsel has done in identifying or investigating potential claims in the action"; (ii) "counsel's experience in handling class action, other complex litigation, and claims of the type asserted in the action"; (iii) "counsel's knowledge of the applicable law"; and (iv) "the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(C).

Here, Proposed Settlement Class Counsel, Alan Leiman and Andrew Lewinter have experience in handling class action cases, class action wage and hour cases, and other types of cases regarding employment law violations. Both attorneys have practices that focus on

employment law, including FLSA overtime cases. Alan J. Leiman has over twenty-five years of litigation experience including complex civil litigation experience. Andrew Lewinter has over 18 years of litigation experience. Over a several month period, Plaintiffs' counsel conducted an extensive investigation into Defendants' pay practices. They have reviewed time and pay records, spreadsheets, and records relating to Defendants' pay practices. Settlement Class Counsel have also spent considerable time researching federal and Oregon law.

### VIII. Conclusion

For all the foregoing reasons, the Parties respectfully request that the Court enter an Order (i) preliminarily approving of the Settlement; (ii) scheduling a Fairness Hearing on the question of whether the Settlement should be approved; (iii) preliminarily certifying the Settlement Class for settlement purposes; (iv) approving as to form and content the proposed Notice to Settlement Class; (v) approving as to form and content the proposed Overtime and Travel Time Claim Forms; (vi) approving Andrew S. Lewinter and Alan J. Leiman as Settlement Class Counsel, the three named Plaintiffs as Settlement Class Representatives, and JND Class Action Administration, Inc. as the Claims Administrator; and (vii) vacating all pre-trial deadlines.

**CERTIFICATE OF COMPLIANCE**

This memorandum complies with the word-count limit under LR 7-2(b) because it contains fewer than 35 pages.

////

////

////

////

DATED: February 10, 2023

Respectfully submitted,

//s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 98074
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Of Attorneys for Plaintiffs

/s Andrew S. Lewinter
Andrew S. Lewinter
E-mail: andrew@lewinterlaw.com
Oregon State Bar No.: 080031
132 E. Broadway, Ste 821
Eugene, OR 97401
Telephone: (541) 686-4900
Of Attorneys for Plaintiffs

/s Edward Choi
Edward Choi
Email: echoi@bullardlaw.com
Oregon State Bar No. 135673
Bullard Law
200 SW Market St, Ste 1950
Portland, OR 97201
Telephone: (503) 248-1134
Of Attorneys for Defendant CDR Maguire, Inc.

/s Anne D. Foster
Anne D. Foster
Email: afoster@sfklegal.com
Oregon State Bar No. 993152
Smith Foster King LLP
3412 NW Franklin Ct
Portland, OR 97210
Telephone: (503) 567-7006
Of Attorneys for Defendant Elite Services of Louisiana, LLC